KIUFEKE v. MERCHANTS' DISPATCH TRANSP. CO.*

(*Circuit Court, E. D. Missouri.* April 6, 1882.)

PRACTICE—SERVICE OF SUMMONS—RETURN—REV. ST. MO. § 3489.

Where a foreign corporation is served with summons under a statute providing that service in such cases may be by delivering a copy of the writ and petition to any officer or agent of such company "in charge of any office or place of business" that it may have, the return of service should state that a copy of the writ and the petition were delivered to an officer or agent *in charge of an office or place of business* of the defendant.

*Reported by B. F. Rex, Esq., of the St. Louis bar.

The defendant in this case is a corporation organized under the laws of the state of New York. The return of service of summons indorsed upon the writ by the marshal is as follows:

"*United States of America, Eastern District of Missouri—sct.*

"I return on this writ that I have served the same on the within named, the Merchants' Dispatch Transportation Company, a corporation, by delivering a copy of this writ, together with a copy of the petition thereto attached, to J. M. Stuve, the agent of the aforesaid company, (the president and vice-president being non-residents of this district and could not be found,) at said company's office in St. Louis, in the above district, on March 4, 1882.

"F. COSTE, United States Marshal," etc.

The other material facts are sufficiently stated in the opinion of the court.

*G. M. Stewart* and *Paul Bakewell*, for plaintiff.

*S. M. Breckenridge*, for defendant.

TREAT, D. J. The defendant has filed a motion to quash the marshal's return of service, supported by an affidavit. The parties have treated said motion as if it were a plea of abatement, to which the plaintiff interposes a demurrer.

1. Was the service made in conformity with section 3489 of the Revised Statutes of Missouri? The return fails to state that the alleged agent of the defendant, a foreign or non-resident corporation, was an agent *in charge of an office or place of business of defendant.* The statute prescribes that where the defendant is a corporation organized under the laws of any other state or country, "and having an office or doing business in this state," the service may be made "by delivering a copy of the writ and petition to any officer or agent of such corporation or company in charge of any office or place of business" of the defendant. The return being defective in that respect, the motion to quash is well taken.

2. The more important question was intended to be raised, to-wit: If the return was not defective, but *false*, could the defendant impeach the return by plea in abatement submitting the facts *de hors* the record to a trial of the issue thus raised? The doctrine that a return cannot be so impeached in a domestic judgment, although it may be in a foreign judgment, has received the sanction of many courts, and of none in more decided terms than by the supreme court of Missouri. This court does not pass upon that question in this case; for on the ruling as to the first point the service is defective, and therefore a decision on the second is not necessary. It may be

that the weight of authority as to the latter question is largely with the demurrant; yet the reason for such a ruling may not, on full review and mature deliberation, be held either satisfactory or conclusive. But nothing is now decided in that regard.

After proper service, if such a plea is interposed, the court will pass upon it; hence the only entry now will be that the motion to quash is sustained, with leave to amend.